UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-62354-CIV-MARRA

ETZER DANIER AND CLOTILDE DANIER,

Plaintiffs,

vs.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and NATIONSTAR
MORTGAGE, LLC,

Defendants.

_____/

## OPINION AND ORDER

This cause is before the Court upon Defendants' Motion to Dismiss (DE 4) and Plaintiffs'

Request for Hearing (DE 8).  The Court has carefully considered the motions and is otherwise

fully advised in the premises.

I. Background

Plaintiffs Etzer Danier and Clotilde Danzier ("Plaintiffs") bring this two-count Complaint

against Defendants Federal National Mortgage Association ("Fannie Mae") and Nationstar

Mortgage, LLC ("Nationstar") (collectively, "Defendants") for two violations of the Truth in

Lending Act ("TILA") , 15 U.S.C. § 1601 et seq.

According to the allegations of the Complaint, Plaintiffs own a home in Broward County.

(Compl. ¶ 9.)  Fannie Mae is a creditor and assignee as defined under 15 U.S.C. § § 1602(g),

1641.  (Id. at ¶ ¶ 5-6.)  Nationstar is a creditor and has originated more than two mortgages in the

past 12 months. (Id. at ¶ ¶ 7-8.)  Nationstar is also a loan servicer as defined in 12 U.S.C. §

2605(i)(2).  (Id. at ¶ 11.)

On or about August 22, 2011, Nationstar received a written request to identify the owner or master servicer of Plaintiffs' promissory note and to provide an itemized statement of the full amount to reinstate the mortgage as of the date of the response along with an itemized pay-off statement. (Id. at ¶¶ 16, 35; Aug. 17, 2011 letter, Ex. A, DE 1-2.)  On or about September 22, 2011, Nationstar responded in writing but did not provide the name, address or telephone number of the owner or master servicer of the obligation. (Compl. ¶ 17; Sept. 22, 2011 letter, Ex. B, DE 1-2.)  Nationstar also failed to provide the required pay-off statement within a reasonable time after receiving the request. (Compl. ¶¶ 36-38.)  Nationstar is an employee and agent of Fannie Mae and is responsible for Nationstar's failure to respond properly to Plaintiffs.  (Id. at ¶¶ 28-29, 43.)

Defendants move to dismiss the Complaint, contending that the claim brought pursuant to 15 U.S.C. § 1641(f)(2) fails because only obligors, not attorneys, can serve written requests and, the only entity liable under this provision, is a servicer who is also the assignee of the subject loan.  With respect to count two, Defendants argue that the damages pursuant to 12 C.F.R. 226.36(c) only applies to high cost mortgages.  Furthermore, Defendants state that there is no private right of action available under  12 C.F.R. 226.36(c).  Lastly, Defendants contend that Nationstar cannot be sued under TILA because it is a servicer.[1]

Plaintiffs respond that the TILA request was made by Plaintiffs' attorneys on their behalf and therefore may proceed. In addition, Plaintiffs claim that there is a general right of action for a violation of 15 U.S.C. § 1639(1)(2)(A) of TILA and 12 C.F.R. § 226.36(c)(1)(iii), and 12 C.F.R.

---

[1] Defendants also move to dismiss the claim for actual damages.  However, in their response memorandum, Plaintiffs withdraw this claim.

§ 226.36(c)(1)(iii) is not limited to high-cost mortgages. Plaintiffs also claim that Nationstar is a creditor as well as a servicer and therefore is subject to liability.

II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III. Discussion

A.  Count one

TILA is a consumer protection statute that seeks to "avoid the uninformed use of credit" through "meaningful disclosure of credit terms," thereby enabling consumers to become informed about the cost of credit. 15 U.S.C. § 1601(a).  Besides imposing criminal liability, TILA creates a private cause of action for actual and statutory damages for certain disclosure violations. 15 U.S.C. § § 1611 (criminal liability), 1640(a) (civil liability).

Section 1641 of TILA provides in pertinent part:

(f) Treatment of servicer

(1) In general

A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation.

(2) Servicer not treated as owner on basis of assignment for administrative convenience

A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation. Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.

15 U.S.C. § 1641(f).

A "master servicer" is defined as "the owner of the right to perform servicing, which may actually perform the servicing itself or may do so through a subservicer." 24 C.F.R. § 3500.21. TILA does not impose liability on servicers, but rather on creditors who fail to comply with various requirements under TILA. 15 U.S.C. § 1640(a).

4

According to Defendants, the term "obligor" in section 1641(f)(2) was not intended to encompass attorneys or agents acting on behalf of obligors. Here, Plaintiffs' response memorandum points out that the August 22, 2011 letter was signed by Plaintiffs, although it was written on their attorney's letterhead. Significantly, Defendants do not refute this assertion. In any event, the Complaint does not state that Plaintiffs signed the letter. Assuming Plaintiffs can amend the Complaint in good faith to include this allegation, the Court finds that whether a request signed only by the obligor's attorney meets the requirement of the statute need not be decided. Thus, the Court will not address this question until Plaintiffs have had an opportunity to amend the Complaint to include this allegation.[2]

B. Count two

Defendants move to dismiss count two because: (1) there is no private right of action under 12 C.F.R. 226.36(c)(1)(iii)[3] and (2) 12 C.F.R. 226.36(c)(1)(iii) only applies to high cost

---

[2] Defendants also argue that the only entity liable under section 1641(f)(2) is a servicer that is also the assignee of the loan. The Court recently addressed this issue and found that TILA supports vicarious liability for creditors. See Kissinger v. Wells Fargo Bank, N.A., — F. Supp. 2d —, 2012 WL 3759034, at * 3-4 (S.D. Fla. Aug. 30, 2012). Hence, count one, if properly amended, may be brought against Fannie Mae. As for Nationstar, the Court addresses infra whether counts one and two may be brought against it as a servicer.

[3] Plaintiffs' claim is brought pursuant to 12 C.F.R. 226.36(c)(1)(iii) which provides:

(c) Servicing practices.

(1) In connection with a consumer credit transaction secured by a consumer's principal dwelling, no servicer shall--

(iii) Fail to provide, within a reasonable time after receiving a request from the consumer or any person acting on behalf of the consumer, an accurate statement of the total outstanding balance that would be required to satisfy the consumer's obligation in full as of a specified date.

mortgages.  Several courts in this district have addressed this very issue.  The Court will discuss these recent decisions.

In Kievman v. Federal Nat. Mortg. Ass'n, No. 1:12–cv–22315–UU, 2012 WL 5378036 (S.D. Fla. Sept. 14, 2012), the plaintiff sued the owner of its loan for the failure of its servicer to comply with 12 C.F.R. 226.36(c)(1)(iii). The Kievman court ruled that there is no private right of action stemming from this regulation.  Id. at * 4.  Specifically, the Kievman court ruled as follows:

> Titled 'Prohibitions', 15 U.S.C. § 1639(l)(2) authorizes the Board,[4] 'by regulation or order, to prohibit acts or practices in connection with' mortgage loans or the refinancing of mortgage loans. 15 U.S.C. § 1639(l)(2)(A), (B). Subsection (m) authorizes the Federal Trade Commission to pursue civil enforcement actions for the violation of any regulation promulgated under subsection (l)(2). Plaintiffs, in their briefing, did not suggest that the Court could or should imply a private right of action to enforce this regulation, and the Court declines to do so.

Id.

Next, in Montano v. Wells Fargo Bank, N.A., No. 12–80718–CIV, 2012 WL 5233653 (S.D. Fla. Oct. 23, 2012), the court held that the acts prohibited by the Board of Governors of the Federal Reserve System pursuant to 12 C.F.R. 226.36(c)(1)(iii) were based upon 15 U.S.C. § 1639(1)(2).[5]  According to the Montano court, section 1639 applies only to high cost mortgages

---

12 C.F.R. 226.36(c)(1)(iii).

[4]  The "Board" refers to the Board of Governors of the Federal Reserve System. See 73 Fed. Reg. 44522 (July 30, 2008).

[5]  That provision provides:

(2) Prohibitions

The Bureau, by regulation or order, shall prohibit acts or practices in connection with–

6

referred to in 15 U.S.C. § 1602(aa).[6] But see Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Reserve Sys., 773 F. Supp. 2d 151, 167–68 (D.D.C. 2011) (rejecting the argument that section 1639 only applied to high cost mortgages). Because the plaintiff in Montano did not allege the mortgage loan met this definitional requirement, the court found that the plaintiff failed to allege properly a TILA violation.

In contrast, Runkle v. Fed. Nat. Mortgage Ass'n, No. 12–61247–CIV, 2012 WL 5861803

--------------------------------------------------------------------

(A) mortgage loans that the Bureau finds to be unfair, deceptive, or designed to evade the provisions of this section; and

(B) refinancing of mortgage loans that the Bureau finds to be associated with abusive lending practices, or that are otherwise not in the interest of the borrower.

15 U.S.C. § 1639(l)(2).

[6] At the time the Montano order was issued, section 1602(aa) provided in part:

(aa)(1) A mortgage referred to in this subsection means a consumer credit transaction that is secured by the consumer's principal dwelling, other than a residential mortgage transaction, a reverse mortgage transaction, or a transaction under an open end credit plan, if--

(A) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity on the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; or

(B) the total points and fees payable by the consumer at or before closing will exceed the greater of--

(i) 8 percent of the total loan amount; or

(ii) $400.

15 U.S.C. § 1602(aa)(1). (effective through December 7, 2012). This provision can now be found at 15 U.S.C. § 1602(bb)(1).

(S.D. Fla. Nov. 16, 2012), vacated on other grounds on reconsideration, No. 12–61247–CIV, 2012 WL 6554755 (S.D. Fla. Dec. 10, 2012), concluded that there is a private right of action for violations of 12 C. F. R. 226.36(c)(1)(iii) and rejected the reasoning of Kievman and Montano. Id. at * 5.  Instead, the Runkle court found as follows:

> TILA Section 1640, entitled Civil Liability, states that 'any creditor who fails to comply with any requirement imposed under this part'[7] is liable. 15 U.S.C. § 1640(a) (emphasis added). The heading of that subsection states that its content addresses 'individual or class action for damages.' Section 1639 is a part of TILA. Section 1639(l )(2) allows the Bureau to prohibit acts and practices that are unfair, and failing to provide a payoff statement is unfair. Because the Bureau has prohibited the refusal to provide a payoff statement, it has imposed a requirement, and therefore a creditor can be liable for failing to comply with that requirement. As a result, the Court finds that a violation of 15 U.S.C. § 1639(l )(2) can be brought as a private cause of action.

Id.

After reviewing the relevant authorities, the Court chooses to follow the reasoning of Runkle.  In so doing, the Court concludes that a private cause of action exists for a violation of 15 U.S.C. § 1639(1)(2) and therefore Plaintiffs can sue for violations of 12 C. F. R. 226.36(c)(1)(iii).

Lastly,  Defendants argue that Nationstar cannot be sued under TILA because the allegations that Nationstar is a creditor are legally insufficient.  Even though Plaintiffs allege that Nationstar "was and is a creditor as the term is defined in 15 U.S.C.  1602(g),"[8]  Defendants assert that TILA only applies to creditors in the subject transaction." (Mot. at 9.)

Section 1602(g) states in pertinent part:

The term 'creditor' refers only to a person who both (1) regularly extends, whether in

---

[7] The Court notes that sections 1639 and 1640 of TILA are located in "Part B" of TILA.

[8] Compl. ¶ ¶ 7-8.  Plaintiffs also allege that Nationstar is a servicer as defined by 12 U.S.C. § 2605(i)(2). Id. at ¶ 11.

connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement. . . Any person who originates 2 or more mortgages referred to in subsection (aa) of this section in any 12-month period or any person who originates 1 or more such mortgages through a mortgage broker shall be considered to be a creditor for purposes of this subchapter. . .

15 U.S.C. § 1602.

While the Complaint alleges that Nationstar is a creditor (Compl. ¶ 7) who has originated more than 2 mortgages in the past 12 months (Compl. ¶ 8), it also alleges that Nationstar is a loan servicer for the loan owned by Fannie Mae. (Compl. ¶ 11.)

The Court concludes that TILA only applies to loan servicers that also act as the creditor in the transaction at issue. See, e.g., Cetto v. LaSalle Bank Nat. Assn', 518 F.3d 263, 268 (4th Cir. 2008) (to be considered a creditor under TILA, the entity must regularly extend loans, be the entity to whom the debt arising from transaction was payable, even if the entity acted as a creditor in prior transactions); Che v. Aurora Loan Svcs., LLC 847 F. Supp. 2d 1205, 1209 (C.D. Cal. 2010) ("[f]or a loan servicer to be subject to liability for a violation of the TILA, the loan servicer must also own the subject loan."); Horton v. Country Mortg. Svcs., No. 07 C 6530, 2010 WL 55902, at * 3 (N.D. Ill. Jan. 4, 2010) ("TILA expressly disclaims any liability for mere servicers 'unless the servicer is or was the owner of the obligation.'"); Palacios v. Saxon Mortg. Servs., Inc., No. CV 09-0337 PSG (AJWx), 2009 WL 2050217, at * 4 (C.D. Cal. July 10, 2009) ("[a]s the statute makes clear, whether one is a TILA creditor is a two-part question, requiring a person both to be a "creditor" in general, extending credit in a certain minimum number of transactions, and to be the "creditor" in the specific transaction in dispute").  That stated, liability

does not only lie with the entity to which the debt was initially payable on the face of the note. Indeed, section 1641(g)[9] applies to a "creditor that is the new owner or assignee of the debt." Gale v. First Franklin Loan Svcs., 701 F.3d 1240, 1247 (9th Cir. 2012) (section 1641(g) expanded the definition of creditor to allow for the new owner or assignee). As pled, Nationstar has not met the requirements for a "creditor." The Court, however, grants Plaintiffs leave to amend, assuming they can do so in good faith and subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure.

<u>IV. Conclusion</u>

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)      Defendants' Motion to Dismiss (DE 4) is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs have leave to amend and should file the amended Complaint **within 14 days of the date of entry of this Order**.

---

[9] Section 15 U.S.C. § 1641(g) states in part:

(g) Notice of new creditor

(1) In general

In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer . . .

2)      Plaintiffs' Request for Hearing (DE 8) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 7th day of February, 2013.

_____

KENNETH A. MARRA
United States District Judge

11